UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KENNETH ROBINSON,                   :
                                    :
        Petitioner,                 :    Civ. No. 20-10236 (NLH)
                                    :
    v.                              :    OPINION
                                    :
DAVID ORTIZ,                        :
                                    :
        Respondent.                 :
_____ :

APPEARANCE:

Kenneth Robinson
54063-037
Inmate Mail/Parcels
Fort Dix FCI
P.O. Box 2000
Joint Base MDL, NJ 08640
     2388

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Kenneth Robinson, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    Petitioner was convicted by a jury in the District of Maryland of possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a), 2. United States v. Robinson, No. 1:11-cr-

0521 (D. Md. May 23, 2013) (ECF No. 79).[1]  The court sentenced Petitioner to a total of 240 months' imprisonment.  Id.  The United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence.  United States v. Robinson, 580 F. App'x 239 (4th Cir. 2014) (per curiam).

Petitioner subsequently filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255. Robinson, No. 1:11-cr-0521 (D. Md. Sept. 19, 2014) (ECF No. 98). The district court initially denied the petition, id. (Sept. 14, 2015) (ECF No. 105), but later vacated that order and granted the motion based on ineffective assistance of counsel, id. (Aug. 5, 2016) (ECF No. 116).  The United States appealed, and the Fourth Circuit reversed the district court and remanded with instructions to deny the § 2255 motion.  United States v. Robinson, 700 F. App'x 178 (4th Cir. 2017) (per curiam).

This petition for writ of habeas corpus under 28 U.S.C. § 2241 followed.  ECF No. 1.

II. STANDARD OF REVEIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts he is actually innocent of the § 841 conviction due to a "lack of territory jurisdiction over the

3

location of where the offense occurred." ECF No. 1 at 6. "The indictment charged: that on or about July 1, 2011 in the state and district of Maryland the defendant knowingly and intentionally possess [sic] a detectable amount of drug which by the clear wording of the indictment is a legal impossibility. One can not stand in the district and the state at the exact same moment of time." Id. He asserts the trial court "lack[ed] jurisdiction to have punished the defendant . . . on the grounds it was stated the criminal conduct was committed in the State of Maryland. The count of the indictment clearly state's [sic] the offense of possession was committed in the State, a place where federal powers are limited and must contain a nexus to commerce . . . ." Id.

Both claims challenge the integrity of the indictment. Section 2255 contains an explicit provision that permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming . . . that the court was without jurisdiction to impose such sentence" to file a motion to vacate, set aside, or correct the sentence in the sentencing court. 28 U.S.C. § 2255(a). Since the plain text of the statute permits a prisoner to challenge the jurisdiction of the trial court via § 2255, § 2255 is not ineffective or inadequate such that this Court would have jurisdiction under § 2241. Petitioner could have challenged the validity of the indictment

4

either on direct appeal or in his § 2255 motion as there is no indication that an intervening Supreme Court case redefined the elements of the offenses such that Petitioner's actions no longer qualify as illegal. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Fourth Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit it does not appear that Petitioner can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file on his own should he so choose.

5

IV. CONCLUSION

For the foregoing reasons, the petition will be dismissed for lack of jurisdiction.

An appropriate order will be entered.

Dated: June 7, 2021           s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.